Ronald Jeffery HARRIS, Petitioner

v.

Rondle ANDERSON, Respondent

No. 3:00CV0718 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

Nov. 14, 2001.

Roland Jeffery Harris, pro se.

Stephen R. Creason, Indianapolis, IN, for respondent.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

■ This cause is before the Court on Petitioner's Motion for Reconsideration or Clarification filed on November 5, 2001. In it, he asks the Court to reconsider its Memorandum and Order dated October 2, 2001, denying his Petition for habeas corpus. A motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure must be filed within ten days of the entry of judgment. The Petitioner deposited this Motion with authorized prison staff for mailing on October 29, 2001. As his Motion is past the ten day time limit for a motion under Rule 59(e), the Court must review it as a request for relief from judgment or order pursuant to Rule 60(b).

■ In his Motion for Reconsideration or Clarification, the Petitioner simply reasserts the same claims that he made in his habeas petition, arguing that the district court erred in its application of the law to the facts. After its amendment by the AEDPA, the habeas statute now includes, among other things, a provision limiting second or successive petitions. 28 U.S.C. § 2244(b). One of the require-

ments of § 2244(b) is that, before a second or successive petition can be filed in a district court, the applicant must file a motion in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The Seventh Circuit Court of Appeals has adopted the view that a post-judgment motion under Fed.R.Civ.P. 60(b) in the district court is a "second or successive" application for purposes of § 2244(b). *Burris v. Parke,* 130 F.3d 782 (7th Cir. 1997).

■ Therefore, at this point in the proceedings, the Petitioner has no choice but to take his claims directly to the Seventh Circuit, either by appealing this Court's Order dated October 2, 2001, or by filing a motion for authorization with the Seventh Circuit for the district court to consider a "second or successive" application under Rule 60(b). Until he does, this Court has no jurisdiction to entertain motions from this Petitioner on this subject.

For the foregoing reasons, the Petitioner's Motion for Reconsideration or Clarification is **DENIED** for lack of jurisdiction. This Petitioner should carefully examine 28 U.S.C. § 2244(b) to determine his next step, keeping in mind the time limits for filing his notice of appeal in Rules 3 and 4 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**